■ JOCELYN LEWIS, an Infant, by Her Mother and Natural Guardian, DOROTHY LEWIS, et al., Respondents, v WASCOMAT, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered March 6, 1986, which granted plaintiffs leave to serve a supplemental summons and amended complaint so as to add third-party defendants, fourth-party defendant, fifth-party defendants, sixth-party defendants and seventh-party defendants as party defendants, unanimously modified, on the law, to deny leave to plaintiff Dorothy Lewis to serve the supplemental summons and amended complaint on her own behalf against the seventh-party defendant Electrolux Wascator, A.B., and otherwise affirmed, without costs.

The then-infant plaintiff, Jocelyn Lewis, was allegedly injured in 1974 while she was operating a washing machine in a Bronx laundromat. In 1975, an action was commenced against the laundromat, Wascomat, Inc., asserting a claim by the infant for the injuries she sustained and a separate claim by her mother, Dorothy Lewis, for loss of her daughter's services, society, and companionship, and for medical expenses incurred. Thereafter, at various times between 1975 and 1981, the defendant Wascomat commenced what it denominated as third-, fourth-, fifth-, sixth- and seventh-party actions. As is relevant here, Wascomat served a summons and seventh-party complaint upon seventh-party defendant Electrolux Wascator, A.B. on July 31, 1981. The seventh-party complaint seeks contribution and/or indemnity and alleges negligence in the manufacture, inspection, labeling, testing, repair, selling, and warnings given in regard to certain washing machines.

Plaintiffs brought on the instant motion by order to show cause, served on December 20, 1985, for leave to serve a supplemental summons and amended complaint adding as parties those defendants which had been impleaded into the action and who had not originally been joined as direct party defendants. The amended complaint alleges negligence in the design, manufacture, assembly and distribution of the washing machine operated by Jocelyn Lewis.

CPLR 3025 (b) permits a party to amend or supplement a pleading at any time by leave of court. Leave to amend the pleadings shall be freely given absent prejudice or surprise

resulting directly from the delay. *(E.g., McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755.)

While we view with disfavor the extended period of delay which preceded the making of the motion to add the various parties as direct defendants, it is significant that the seventh-party defendant, Electrolux Wascator, A.B., has not demonstrated any prejudice resulting from such delay. On the contrary, it had actual notice of the nature of plaintiff's potential claim once it was served with the seventh-party complaint on July 31, 1981 and, realistically, it is no worse off now than it would have been had the amended complaint been served as of right, pursuant to CPLR 1009, within 20 days after service of the seventh-party pleading. *(See, Holst v Edinger,* 93 AD2d 313, 316.)

For Statute of Limitations purposes, the amended complaint seeking to add the seventh-party defendant as a direct defendant is deemed to have been interposed as of the date that the seventh-party complaint was served, that is, July 31, 1981. *(See, Duffy v Horton Mem. Hosp.,* 66 NY2d 473; *Holst v Edinger, supra.)* Since the accident occurred in 1974, it is clear that the derivative claim asserted in the proposed amended complaint on behalf of the mother, Dorothy Lewis, individually, was time barred long before the date on which the seventh-party complaint was served and it was error for Special Term to grant her leave to serve an amended complaint in her individual capacity. With respect to the infant plaintiff, however, the running of the Statute of Limitations was tolled, pursuant to CPLR 208, until her eighteenth birthday, which fell on January 3, 1983. Consequently, service of the amended complaint on her behalf on December 20, 1985, which was well within three years of the date on which the statute had commenced to run, was timely and Special Term properly exercised its discretion in permitting amendment of the complaint with respect to the infant plaintiff's claims. Concur—Kupferman, J. P., Ross, Fein, Milonas and Ellerin, JJ.