■ IAN ALLISON, an Infant, by His Mother and Natural Guardian, MICHELE ALLISON, et al., Respondents, v BOOTH MEMORIAL MEDICAL CENTER et al., Defendants, and RICHARD R. BASS et al., Appellants.—In an action, *inter alia,* to recover damages for medical malpractice, etc., the defendants Richard Bass, Karl Neumann, Rubin Reiman and Josef Soloway appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated May 25, 1988, as, upon reargument, adhered to the original determination in an order of the same court dated December 22, 1987, denying that branch of their motion which was for partial summary judgment dismissing the plaintiff Michele Allison's derivative cause of action to recover damages for loss of services insofar as it is asserted against them.

Ordered that the order dated May 25, 1988, is modified, on the law, by deleting the provision thereof adhering to the original determination denying that branch of the motion of the defendants Bass, Neumann, Reiman and Soloway for partial summary judgment dismissing Michele Allison's derivative cause of action to recover damages for loss of services except insofar as it pertains to any negligence occurring during the infant plaintiff's last visit on February 5, 1982, insofar as it is asserted against them, and substituting therefor a provision granting that branch of the motion except insofar as it pertains to any negligence occurring during the infant plaintiff's last visit on February 5, 1982; as so modified the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 22, 1987, is modified accordingly.

The plaintiff Michele Allison contends that her derivative cause of action to recover damages for loss of services made in connection with the malpractice claim on behalf of her infant son was timely because of the continuous treatment doctrine. However, extensions granted by tolling of the Statute of Limitations pursuant to that doctrine *(see, McDermott v Torre,* 56 NY2d 399, 407) are personal and do not apply to the plaintiffs' derivative claim *(see, Dunaway v Staten Is. Hosp.,*

122 AD2d 775). Nevertheless, a factual issue remains because the plaintiff further alleged that the appellants were also negligent in their subsequent treatment of the infant plaintiff on February 5, 1982.

Under these circumstances, there is a factual issue as to the appellants' negligence and so much of the complaint as refers to the February 5, 1982, visit is timely since it was brought within the 2½-year Statute of Limitations (CPLR 214-a). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.