■ CARMEN WOJNAROWSKI et al., Respondents, v SHELDON H. CHERRY et al., Appellants.—Order, Supreme Court, New York County (Helen E. Freedman, J.), which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint as untimely, unanimously modified, on the law, to reverse the order insofar as it denied the motion for summary judgment dismissing plaintiff Matias Wojnarowski's cause of action for loss of services and the motion granted as to that cause of action, and otherwise affirmed, without costs.

In 1972 defendant Sheldon Cherry, M.D., inserted an intrauterine device ("IUD") in plaintiff Carmen Wojnarowski. Over the course of following years, plaintiff returned to defendant with some regularity and, on March 31, 1986, after two weeks of illness, plaintiff visited defendant's office and was diagnosed with pelvic inflammatory disease, necessitating a hysterectomy.

Plaintiffs commenced this action in September, 1988, alleging that defendant had negligently "caused, allowed and permitted" the IUD, which, she alleged, was a Dalkon shield, to remain in plaintiff's body, thereby causing the disease which led to her hysterectomy. Defendant moved for summary judgment dismissing the complaint based on the statute of limitations. Plaintiff argued in opposition that her visits to defendant over the years had constituted "continuous treatment" and that the statute of limitations was therefore tolled.

The continuous treatment doctrine tolls the applicable statute of limitations until after a plaintiff's last treatment when the allegedly negligent acts or omissions are part of a course of treatment which has run continuously from, and is related to, the same original condition, illness, or injury (CPLR 214-a; *McDermott v Torre,* 56 NY2d 399, 405; *Nykorchuck v Henriques,* 78 NY2d 255). Routine examinations undertaken at the request of a patient who appears to be in good health solely for the purpose of ascertaining the state of his or her physical condition do not constitute a course of continuous treatment *(Massie v Crawford,* 78 NY2d 516, 520; *McDermott v Torre, supra,* at 405).

The evidence presented by plaintiff here shows that, during her visits to defendant in the years following the insertion of the IUD, plaintiff periodically informed the defendant of, and sought treatment for, a recurring heavy and abnormal vaginal discharge, backaches, and prolonged menstrual periods which had commenced at the time the IUD was inserted and which, according to the plaintiff, were related to the IUD. Moreover, plaintiff stated that in the early 1980's she inquired of defendant as to the type of IUD he had inserted with the express purpose of ascertaining whether it was a Dalkon shield, which had received negative publicity, and was incorrectly told that it was a Lippes loop, not a Dalkon shield.

While on the surface the facts of this case are similar to those in *Massie v Crawford* (78 NY2d 516, *supra*), there are significant differences which bring this case into a different posture. Here, unlike the situation in *Massie*, the period that had elapsed between plaintiff's last previous visit to the physician and the visit on March 31, 1986, when she was diagnosed with the mass requiring the hysterectomy, was less than the statutory 2 years and 6 months. This fact makes clear that the latter visit was in no way an attempt to "resume" treatment for litigation or statute of limitations purposes, but, on the contrary, is supportive of plaintiff's position that this was a regular continuation of the doctor-patient relationship with respect to the IUD. The second distinction is plaintiff's claim that she was misled by being incorrectly told, in response to her specific inquiry, that the IUD was not a Dalkon shield, about which she had concerns due to negative publicity. This factor, aside from the import stemming from the misleading of plaintiff, also supports her position that she was under continuous treatment relative to the IUD.

Under these circumstances, we find that there are issues of fact as to whether plaintiff's visits to the defendant physician constituted a continuous course of treatment related to proper maintenance of the IUD and treatment for its potential and actual side effects in addition to any other gynecological services that he may also have provided. Since a finding of continuous treatment would toll the statute of limitations, we find that the motion court properly declined to grant defendant's motion for summary judgment dismissing plaintiff Carmen Wojnarowski's cause of action as time-barred.

The cause of action brought on behalf of her husband, plaintiff Matias Wojnarowski for loss of services, on the other hand, should have been dismissed. The tolling of the statute of limitations pursuant to the continuous treatment doctrine is

personal to the recipient of such treatment and does not extend to a derivative claim for loss of services *(Allison v Booth Mem. Med. Ctr.,* 155 AD2d 497). Concur—Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.