■ JOSEPHINE BRECKA, Respondent, v JOHN DOLAN, Appellant. [594 NYS2d 467] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 6, 1992 in Schenectady County, which denied defendant's motion to dismiss the complaint as time barred.

In September 1983, plaintiff sustained injuries for which she initially sought medical treatment from defendant in October of that year. Surgery, which plaintiff claims was unnecessary and contraindicated, was performed in December 1983; however, plaintiff's pain continued and defendant prescribed medication and physical therapy. In April 1984, use of a TENS unit was prescribed, and in May 1987, after monitoring plaintiff's use of the TENS unit for three years with little or no improvement, defendant referred her to a pain clinic for evaluation. During this time, defendant represented to the Workers' Compensation Board, in his attending doctor's reports submitted to the Board on behalf of plaintiff, that he was continuing to treat her.

In November 1988 plaintiff commenced this medical malpractice action; after issue was joined and discovery had, defendant moved to dismiss the complaint on the ground that it was time barred.* Plaintiff maintains that defendant continuously treated her (see, CPLR 214-a) and, therefore, the two-year, six-month Statute of Limitations was tolled. Supreme Court denied defendant's motion, prompting defendant to appeal.

It is undisputed that plaintiff's visits to defendant's office during the period from 1983 to 1987 were related to the initial treatment of her injury in 1983. It is unclear, however, whether defendant in fact continued to treat that injury, in the sense of actually rendering medical services, or merely evaluated plaintiff's condition for the purpose of reporting her status to the Workers' Compensation Board, which would not toll the limitations period (see, CPLR 214-a; *Massie v Crawford,* 78 NY2d 516, 519-520). Inasmuch as the exact nature of plaintiff's continuing visits to defendant presents a question of fact, with regard to which there is conflicting evidence, the motion was properly denied (see, *Patterson v Minehan,* 180 AD2d 241, 243-244; *Wojnarowski v Cherry,* 184 AD2d 353). Consequently, notwithstanding the contrary findings of fact made by Supreme Court in its decision, at this juncture the Statute of Limitations still remains a viable defense.

Weiss, P. J., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although this motion was originally denominated as a motion to dismiss pursuant to CPLR 3211 (a) (5), and as such was interposed well beyond the time limit for such motions (see, CPLR 3211 [e]), no objection has been raised on this ground; because both parties and the court appear to have treated it as a summary judgment motion pursuant to CPLR 3212, we will do the same.