■ ALI WHIPPLE, an Infant, by REBECCA WHIPPLE, Her Parent and Natural Guardian, et al., Respondents, v GUNTHER B. GOLDSMITH et al., Appellants. (And a Third-Party Action.) [609 NYS2d 377] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 6, 1993 in Sullivan County, which denied defendants' motions for summary judgment dismissing plaintiff Rebecca Whipple's derivative cause of action.

This medical malpractice action was commenced against defendant Gunther B. Goldsmith and defendant Edward A. Myers, D.D.S., P. C. seeking damages for injuries allegedly sustained by infant plaintiff Ali Whipple (hereinafter plaintiff). Plaintiff began treating with Edward Myers on or about June 13, 1987, at which time he prepared a treatment request for the extraction of three of plaintiff's deciduous or "baby"

---

teeth. Thereafter, on or about August 3, 1987, Goldsmith extracted these teeth, one of which appears to have been an adult tooth. Efforts to re-implant the tooth proved unsuccessful. The record indicates that plaintiff last treated with Goldsmith on or about September 19, 1987 and continued treating with Myers until the commencement of this action on or about September 11, 1991. Following joinder of issue, defendants each moved for summary judgment dismissing the derivative cause of action asserted by plaintiff's mother, plaintiff Rebecca Whipple, on the ground that her claims were barred by the Statute of Limitations. Supreme Court denied the respective motions and this appeal ensued.

There must be a reversal. An action for dental malpractice is governed by the 2½-year Statute of Limitations set forth in CPLR 214-a, and prevailing case law plainly indicates that extensions granted by the tolling of the Statute of Limitations are personal in nature and do not apply to derivative claims *(see, Wojnarowski v Cherry,* 184 AD2d 353, 354-355 [continuous treatment doctrine]; *Allison v Booth Mem. Med. Ctr.,* 155 AD2d 497 [continuous treatment doctrine]; *Possenti v Sears Roebuck & Co.,* 148 AD2d 687, 688-689 [infancy toll]; *Lewis v Wascomat, Inc.,* 125 AD2d 194, 195 [infancy toll]; *Dunaway v Staten Is. Hosp.,* 122 AD2d 775, 776-777 [continuous treatment doctrine]; *D'Andria v County of Suffolk,* 112 AD2d 397, 398 [infancy toll]; *Kratz v Dussault,* 33 AD2d 826, 827 [infancy toll]).* Thus, although plaintiff may indeed benefit from the infancy toll set forth in CPLR 208 and the application of the continuous treatment doctrine, plaintiff's mother may not *(see, id.).* As the derivative claim asserted by plaintiff's mother clearly is timed barred, defendants' respective motions for summary judgment dismissing this cause of action should have been granted.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Ordered that the order is reversed, on the law, without costs, motions granted, partial summary judgment awarded to defendants and plaintiff Rebecca Whipple's derivative cause of action is dismissed.

---

* To the extent that this Court's prior decision in *Lauver v Cornelius* (85 AD2d 866) suggests otherwise, we decline to follow it.