■ In the Matter of KAREN SEEKINGS, Individually and as Parent and Natural Guardian of CHRISTINA TERRY, an Infant, Respondent, v JAMESTOWN PUBLIC SCHOOL SYSTEM et al., Appellants. [637 NYS2d 897] —Order insofar as appealed from unanimously reversed on the law without costs and motion denied in part. Memorandum: Supreme Court granted the motion of petitioner, Karen Seekings, individually and as parent and natural guardian of her daughter, Christina, to file a late notice of claim. Respondents contend that the court erred with

respect to petitioner's derivative claim because that claim is time-barred. We agree. According to petitioner, Christina was exposed to "harmful and toxic substances" in the Jefferson Middle School when she returned to school on September 9, 1992, after the summer recess. The school was substantially renovated in 1992 and 1993 and petitioner alleges that harmful chemical substances were generated by the renovation project. She alleges that Christina began exhibiting symptoms about one week after her return to school and was taken to the Jamestown Family Health Center, where an initial diagnosis was made of Lupus Syndrome; that, on April 27, 1993, she removed Christina from school, giving as her reason that "as long as Chrissy is in Jefferson she is ill—that is why I chose to keep her at home"; that in May 1993 Christina was transferred to another school, where her symptoms abated somewhat; that, because of her condition, Christina has been unable to continue attending school and is being taught at home; and that, on November 17, 1994, Christina was diagnosed by a physician as suffering from "environmentally related allergy problems." Petitioner moved to file the late notice of claim on March 21, 1995.

To commence a tort action against a school district, a notice of claim must be served within 90 days after the claim accrues (Education Law § 3813 [2]; General Municipal Law § 50-e [1]). A court may extend the 90-day period, but such extension "shall not exceed the time limited for the commencement of an action by the claimant" (Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Peek v Williamsville Bd. of Educ.*, 221 AD2d 919). The time limited for commencement of a tort action against a school district is one year and 90 days after the claim accrues (General Municipal Law § 50-i [1]). CPLR 214-c (3) provides that a claim or action for personal injuries caused by the latent effects of exposure to any substance is "deemed to have accrued on the date of discovery of the injury * * * or on the date when through the exercise of reasonable diligence the injury should have been discovered, whichever is earlier." " '[D]iscovery of the injury' does not depend upon discovery of the cause of the injury" *(Johnson v Ashland Oil,* 195 AD2d 980, 981). Thus, "[i]t is not necessary that the plaintiff be informed that his injury was caused by a particular chemical before the limitations' period begins to run" *(Crossman v Harding Indus. Tool,* 222 AD2d 1081, 1082; *see, Sweeney v General Print.,* 210 AD2d 865, *lv denied* 85 NY2d 808).

Because Christina exhibited the symptoms in September 1992, which were ultimately diagnosed as "environmentally

related allergy problems", the motion to file a late notice of claim in March 1995 was brought beyond the one year and 90 day period *(see,* General Municipal Law § 50-e [1], [5]; § 50-i [1]). The tolling during Christina's infancy is not available to petitioner, because it does not apply to a derivative cause of action *(see, Sadler v Horvath,* 44 AD2d 905; *see also, Possenti v Sears Roebuck & Co.,* 148 AD2d 687, 688-689; *Lewis v Wascomat, Inc.,* 125 AD2d 194, 195). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Late Notice of Claim.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.