(June 19, 1997)

■ MARITZA OTERO, Respondent, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Defendant, and MONTEFIORE MEDICAL

CENTER, Appellant. [658 NYS2d 624] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered July 10, 1995, which, *inter alia*, denied the cross-motion of defendant-appellant Montefiore Medical Center for summary judgment dismissing plaintiff's verified complaint, unanimously modified, on the law, to the extent of dismissing plaintiff's first, fourth and fifth causes of action as having been untimely commenced and the third cause of action for failure to state a cause of action and, as so modified, the order is affirmed, without costs.

Plaintiff's first cause of action is based upon Montefiore's alleged negligence in administering contaminated blood to plaintiff's decedent some time prior to 1987, when he was diagnosed as being HIV positive. It has been consistently held that for Statute of Limitations purposes, the transmission of the HIV virus, whether via transfused blood or otherwise, is governed by the three-year period set forth in CPLR 214-c (2) (*Matter of Plaza v Estate of Wisser*, 211 AD2d 111, 117-118). To the extent that plaintiff's fourth cause of action for wrongful death arises out of the same operative facts and dates, it was also untimely commenced. Likewise, plaintiff's fifth cause of action is also untimely inasmuch as any tolling of the Statute of Limitations pursuant to the continuous treatment doctrine is personal to the recipient of such treatment and does not extend to a derivative claim for loss of services (*Wojnarowski v Cherry*, 184 AD2d 353, 354-355).

As to plaintiff's third cause of action, it is well settled that concealment by a medical provider of its own purported negligence or malpractice does not state a separate cause of action for fraud where the alleged damages relate solely to the alleged negligence or málpractice (*see, Spinosa v Weinstein*, 168 AD2d 32, 42; *Harkin v Culleton*, 156 AD2d 19, *lv dismissed* 76 NY2d 936).

Reargument granted and the unpublished decision and order of this Court entered on February 4, 1997 (Appeal No. 58944) recalled and vacated and a new decision and order substituted therefor, decided simultaneously herewith. Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.