■ JANICE CADIEUX et al., as Parents and Natural Guardians of JORDAN CADIEUX et al., Infants, et al., Respondents, v ROSE A. GOUGH et al., Defendants, and THOMAS D. WILLIAMS, Appellant. [709 NYS2d 756] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action arises from the purchase of residential property by plaintiff Janice Cadieux (Janice) in September 1994. Plaintiffs allege that Janice and plaintiffs' three infant children suffered personal injuries because the water on the property was contaminated with bacteria. Plaintiffs seek damages for those personal injuries, the loss of services, society and companionship of the children, and the cost of correcting the conditions causing the contamination of the water supply.

In September 1998 plaintiffs moved for leave to serve a second supplemental summons and complaint adding as a defendant Thomas D. Williams, Esq. (defendant), the attorney who represented Janice in the purchase of the property. Defendant opposed the motion on the ground that plaintiffs' action against him is time-barred. Supreme Court properly granted the motion to the extent that plaintiffs seek to allege claims on behalf of the three infant children. The children are entitled to the benefit of the infancy toll provided in CPLR 208 (*see, Lewis v Wascomat, Inc.,* 125 AD2d 194, 195). The court properly denied the motion to the extent that plaintiffs seek to allege claims for damages for personal injuries to Janice arising from defendant's alleged malpractice. Those claims against defendant are untimely (*see, Davis v Isaacson, Robustelli, Fox, Fine, Greco & Fogelgaren,* 258 AD2d 321, 322, *lv dismissed* 93 NY2d 957).

The court erred, however, in granting the motion to the extent that plaintiffs seek to recover damages for Janice's pecuniary or property loss arising from defendant's alleged malpractice. The legal malpractice cause of action accrued prior to September 4, 1996, the effective date of the amendment to CPLR 214 (6) (L 1996, ch 623), which shortened the limitations period with respect to plaintiffs' claims for pecuniary or prop-

erty loss from six years to three years. Plaintiffs, however, did not seek leave to commence the action against defendant until September 1998, approximately one year after the Statute of Limitations had run on the legal malpractice cause of action under the amended statute and two years after the effective date of the amendment. Thus, the legal malpractice cause of action is also untimely with respect to plaintiffs' claims for pecuniary or property loss (see, Lefkowitz v Preminger, 261 AD2d 447, 448).

The court further erred in granting the motion to the extent that plaintiffs seek to allege a derivative cause of action. The tolling of the Statute of Limitations for the claims of the infant children pursuant to CPLR 208 does not apply to plaintiffs' derivative cause of action (see, Matter of Seekings v Jamestown Pub. School Sys., 224 AD2d 942, 944; Whipple v Goldsmith, 202 AD2d 834, 835; Lewis v Wascomat, Inc., supra, at 195).

We modify the order, therefore, by denying plaintiffs' motion insofar as it seeks leave to serve a second supplemental summons and complaint alleging a derivative cause of action and seeking damages for Janice's pecuniary or property loss arising from defendant's alleged malpractice. (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Amend Pleading.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.