■ MARY A. PORUBIC et al., Appellants, v SAMUEL G. OBERLANDER, Respondent. [710 NYS2d 574] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered July 8, 1999, which, *inter alia*, granted defendant doctor's motion for partial summary judgment dismissing plaintiffs' complaint as it pertains to treatment rendered by defendant prior to February 7, 1994, unanimously modified, on the law, to deny defendant's motion for partial summary judgment dismissing plaintiff patient's causes of action, and otherwise affirmed, without costs.

In this medical malpractice action alleging, *inter alia*, failure to diagnose plaintiff patient's cervical cancer, the IAS Court erred in holding the continuous treatment tolling provision (CPLR 214-a) inapplicable as a matter of law since competent proof presented by plaintiff, including an affirmation by her expert oncologist/hematologist, was sufficient to raise a factual issue as to whether defendant, as of September 20, 1993, treated plaintiff for the condition giving rise to her malpractice claim. Specifically, as of September 20, 1993, defendant, who was aware of plaintiff's past gynecological history, which included a cone biopsy, and who had acknowledged, in deposition, his awareness that plaintiff was at some increased risk for cervical cancer, was regularly monitoring plaintiff's increasing complaints of irregular bleeding, irregular menses, blood

spotting, an irregular menstrual cycle and abdominal pain. Further, between appointments, defendant, in telephone conferences to address plaintiff's ongoing complaints, instructed plaintiff to chart her bleeding. Defendant also acknowledged that other medical tests, including a colposcopy and biopsy, were appropriate at that time as a precaution in light of plaintiff's recent irregular PAP smear test results. Under these circumstances, we cannot say that plaintiff and defendant did not " 'reasonably intend the [plaintiff's] uninterrupted reliance upon the [defendant's] observation, directions, concern, and responsibility for overseeing the patient's progress' " (*Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338), and, accordingly, that conditions for applying the continuous treatment doctrine were not satisfied (*supra*) as of September 20, 1993. Contrary to plaintiffs' further argument, however, application of the continuous treatment doctrine does not toll the Statute of Limitations with respect to plaintiff husband's derivative claim (*see, Wojnarowski v Cherry*, 184 AD2d 353, 354-355). Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.