■ MERCEDES QUINONES et al., Appellants, v NYRAC et al., Respondents. [717 NYS2d 36] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered October 15, 1999, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The motion court erred in dismissing on the basis that its order dated May 18, 1999 had dismissed plaintiff's prior complaint on Statute of Limitations grounds. Although the order in question, as drafted by defendant, did indeed recite that the underlying motion had been made in part "on the ground that the plaintiff failed to timely and properly serve the Summons & Complaint within the applicable statute of limitations period," that language in the settled order is inaccurate. In fact, defendant's prior dismissal motion had been based upon plaintiffs' alleged failure to properly serve the summons and complaint pursuant to CPLR 306-b (not CPLR 214), and the infant plaintiff's lack of capacity to sue in the absence of a legal guardian. Moreover, if the Statute of Limitations had been raised and litigated, it would have been clear that the infancy toll of CPLR 208 protected the claims of the infant plaintiff from dismissal on timeliness grounds (*see, Henry v*

*City of New York*, 94 NY2d 275). To the extent the May 18, 1999 order recited the Statute of Limitations as grounds for dismissal, we consider the erroneous inclusion of this language in the order to have been inadvertent, and deem it stricken.

We further note that in view of positions defendant has taken in the intervening period, personal service of the summons and complaint on Jeff Hauck under Index Number 111531/98 constituted proper service upon defendant, inasmuch as defendant has now conceded its corporate status and Mr. Hauck's managerial position within the corporation (*see,* CPLR 311 [a] [1]). Additionally, we note that the newly asserted derivative claims by the plaintiff's mother are not protected by the infancy toll (*see, Rosado v Langsam Prop. Serv. Corp.*, 251 AD2d 258). Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.