■ CHRISTOPHER CAHILL et al., Individually and as Parents of MOLLIE CAHILL, an Infant, Appellants, v MERCEDES LAT, Respondent. [834 NYS2d 363]—

Mercure, J.P. Appeal from an order of the Supreme Court (Work, J.), entered July 11, 2006 in Ulster County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In November 2004, plaintiffs, individually and on behalf of their daughter (hereinafter the child), commenced this medical malpractice action against defendant, alleging that defendant failed to properly diagnose and treat the child's ear problems. Although defendant treated the child for ear infections for a period of 11 years beginning in January 1992 when she was five months old, defendant failed to refer her to an ear specialist until June 2003. The child was ultimately diagnosed by an otolaryngologist (hereinafter ENT) with cholesteatoma, a tumor that had grown inside her ear. Over time, this tumor had eroded the bones within her left ear, resulting in permanent hearing loss and the need for continuing treatments for life.

Following joinder of issue, defendant moved in March 2006 for leave to amend her answer in order to raise the statute of

limitations as a defense and for summary judgment dismissing the complaint as time-barred. Supreme Court granted defendant leave to amend her answer and her motion for summary judgment, dismissing plaintiffs' derivative claims, as well as the child's "claims of malpractice occurring prior to November 8, 2004," the date that the action was commenced.* Plaintiffs now appeal.

Initially, we reject plaintiffs' argument that Supreme Court abused its discretion in granting defendant leave to amend her answer in order to assert a statute of limitations defense (see CPLR 3025 [b]). In the absence of any prejudice to plaintiffs and given that the defense is meritorious in part, as explained below, defendant's delay in moving to amend her answer is insufficient to warrant denial of that motion (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Selective Ins. Co. v Northeast Fire Protection Sys., 300 AD2d 883, 883-884 [2002]; Architectural Bldrs. v Pollard, 267 AD2d 704, 705 [1999]; cf. Clark v MGM Textiles Indus., Inc., 18 AD3d 1006, 1006-1007 [2005]).

Turning to the merits, we further reject plaintiffs' argument that Supreme Court erred in dismissing their derivative claims as time-barred. The statute of limitations for a medical malpractice action is $2^{1/2}$ years and neither the infancy toll nor the continuous treatment toll applies to derivative claims (see CPLR 214-a; Quinones v NYRAC, 277 AD2d 110, 111 [2000]; Otero v Presbyterian Hosp. in City of N.Y., 240 AD2d 279, 280 [1997]; Whipple v Goldsmith, 202 AD2d 834, 835 [1994]). Plaintiffs commenced this action on November 8, 2004 and, thus, their derivative claims based upon treatment that occurred before May 8, 2002 are time-barred.

The alleged malpractice herein consisted of defendant's misdiagnosis and failure to refer the child to an ENT due to the recurring ear infections. Plaintiffs conceded before Supreme Court, however, and their expert confirmed, that defendant referred the child to an ENT, who properly diagnosed her, in June 2003. In addition, plaintiffs' expert did not identify any deviation by defendant from the standard of care after March 2000; rather, the expert concluded only that "[e]ach and every encounter between [defendant] and [the child] from 1995 until 2000, where a recurrence of otitis media was diagnosed, and especially, when a discharge and bad odor were noted required

---

* Although Supreme Court's decision states that all claims arising before "November 8, 2004" were dismissed as untimely, the parties agree that the court intended to dismiss only those claims arising before November 8, 1994 but made a typographical error.

. . . a referral for ENT physician evaluation." While the child's claims based on these discrete acts of alleged malpractice are subject to the maximum 10-year infancy toll and, thus, timely (*see* CPLR 208; *Rivera v Brookdale Hosp. Med. Ctr.*, 205 AD2d 677, 677-678 [1994]; *cf. Matter of Daniel J. v New York City Health & Hosps. Corp.*, 77 NY2d 630, 634 [1991]), because plaintiffs submitted no expert evidence that defendant acted negligently after May 8, 2002, Supreme Court properly dismissed their derivative claims (*see Whipple v Goldsmith, supra* at 835).

Plaintiffs' remaining arguments have been considered and found to be lacking in merit.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion dismissing as untimely the claims of Mollie Cahill arising after November 8, 1994; motion denied to that extent; and, as so modified, affirmed.