■ Tariq A. Hassan, Appellant, v Eric Wallach Esq. et al., Respondents. [938 NYS2d 51]—

Plaintiff commenced the instant action alleging that defendants committed malpractice by failing to commence a Sarbanes-Oxley (SOX) whistleblower action against his former employer, prior to the expiration of the statute of limitations. Defendants, in lieu of an answer, moved to dismiss the complaint under CPLR 3211 (a) (1) and (7). Plaintiff sought an extension of time to oppose the motion, defendants agreed to the extension and a stipulation was prepared but apparently not filed with the court

by plaintiff's counsel. The motion was marked fully submitted and was granted on plaintiff's default. Despite plaintiff's lack of opposition, however, the motion court thoroughly reviewed plaintiff's claims and the documentary evidence submitted by defendants.

Plaintiff moved to vacate the order and his motion was denied. On appeal, plaintiff argues that the motion court applied an improper standard, conducting an analysis under CPLR 5015 (a) to determine whether plaintiff had a reasonable excuse for the default and a meritorious cause of action rather than excusing the default based on law office failure and proceeding to a de novo review of the motion to dismiss.

The motion court's analysis was proper. In any event, contrary to plaintiff's contention, the court engaged in a de novo review, afforded plaintiff every possible favorable inference, accepted his pleadings as true, and considered the affidavit plaintiff submitted in support of the motion in an effort to sustain his pleading (*Underpinning & Found. Constructors v Chase Manhattan Bank, N.A.*, 46 NY2d 459, 462 [1979]; *Ackerman v Vertical Club Corp.*, 94 AD2d 665 [1983]).

Plaintiff's motion was properly denied because the underlying complaint was without merit. Plaintiff failed to show that "but for" his attorneys' negligence, he would not have been damaged (*Maillet v Campbell*, 280 AD2d 526, 527 [2001]). To initiate a SOX claim, a charge of retaliation must be filed with the United States Department of Labor within 90 days of the date the employee receives a definite notice of termination (former 18 USC § 1514A [b] [2] [d]). Plaintiff received notice of his termination on July 23, 2008 and thus, the statute of limitations expired on October 23, 2008.

As applied to defendant Kasowitz, Benson, Torres & Friedman, LLP and its member, defendant Eric Wallach, the record is clear that the firm ended its representation of plaintiff in early September 2008, prior to the expiration of the limitation period, shortly after it learned that plaintiff's employer had evidence supporting an absolute defense in that he was terminated due to his own discriminatory conduct. As to defendant Singer Deutch LLP and its member, John Singer, the record is clear that Singer never undertook representation of plaintiff, but merely referred him to defendant Liddle & Robinson LLP and its member, Marc Susswein. Plaintiff, however, did not retain Liddle until after the 90-day limitation period had expired. Thus, his malpractice claim against each defendant was properly dismissed.

We have considered plaintiff's remaining arguments and find

them unavailing. Concur—Mazzarelli, Andrias, DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 33490(U).]**