*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 12, 2016        521857
_____

CHEYENNE BAER et al.,

              Plaintiffs,

    v

LAW OFFICES OF MORAN &
    GOTTLIEB et al.,

              Defendants
              and Third-
              Party             MEMORANDUM AND ORDER
              Plaintiffs-
              Appellants;

DAVID J. CLEGG,

              Third-Party
              Defendant-
              Respondent.
_____

Calendar Date: March 23, 2016

Before: Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

      Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Gerard Benvenuto of counsel), for defendants and third-party plaintiffs-appellants.

      Cabaniss Casey LLP, Albany (David B. Cabaniss of counsel), for third-party defendant-respondent.

_____

Aarons, J.

      Appeal from an order of the Supreme Court (Mott, J.), entered May 4, 2015 in Ulster County, which granted third-party defendant's motion to dismiss the third-party complaint.

In December 2004, plaintiffs engaged defendants, a law firm and an individual attorney, to prosecute potential claims arising from the allegedly negligent medical care that their infant son received from March to April 2004. In 2008, defendant Steven Gottlieb, without having filed a complaint in connection with those claims, referred plaintiffs to third-party defendant, David J. Clegg, an attorney with experience in medical malpractice litigation. Clegg was formally retained in August 2008 and filed a complaint for plaintiffs' son in February 2010. No derivative claims were pleaded on behalf of plaintiffs in the complaint that Clegg prepared. The medical malpractice action eventually settled and, thereafter, plaintiffs commenced the instant legal malpractice action against defendants, alleging that they negligently failed to assert plaintiffs' derivative claims before the statute of limitations had expired thereon. Defendants impleaded, among others no longer involved in the action, Clegg, who then made a pre-answer motion to dismiss the third-party complaint, arguing that the statute of limitations on plaintiffs' derivative claims had expired before he became involved in their son's case. Supreme Court granted Clegg's motion, and defendants now appeal.

We affirm. "An attorney sued for malpractice is entitled to commence a third-party claim for contribution [or indemnification] against a subsequent attorney whose negligence has contributed to or aggravated the plaintiff's damages" (Hansen v Brognano, 137 AD2d 880, 881 [1988] [citation omitted]; see CPLR 1401; Schauer v Joyce, 54 NY2d 1, 5 [1981]; M & R Ginsburg, LLC v Segel, Goldman, Mazzotta & Siegel, P.C., 121 AD3d 1354, 1354-1355 [2014]; Soussis v Lazer, Aptheker, Rosella & Yedid, P.C., 66 AD3d 993, 995 [2009]). In that regard, where the limitations period applicable to a potential action is indisputable, an attorney's "fail[ure] to commence [the] action within [that time frame] . . . f[alls] below the ordinary and reasonable skill and knowledge commonly possessed in the legal profession" and, absent countervailing considerations, constitutes negligence (Bergin v Grace, 39 AD3d 1017, 1018 [2007] [internal quotation marks and citation omitted]; see Wilk v Lewis & Lewis, P.C., 75 AD3d 1063, 1066 [2010]; compare Mignott v Kreidman, 65 AD3d 972, 972 [2009]).

As is relevant here, an action for medical malpractice "must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a; see Johanson v Sullivan, 68 AD3d 1303, 1304 [2009]; Cahill v Lat, 39 AD3d 1013, 1014 [2007]).  Notwithstanding that time frame, an individual that is "under a disability because of infancy . . . at the time the cause of action accrues" is entitled to a 10-year toll of the limitations period (CPLR 208; see Henry v City of New York, 94 NY2d 275, 279-282 [1999]; Dugan v Troy Pediatrics LLP, 105 AD3d 1188, 1189 [2013]).  However, "neither the infancy toll nor the continuous treatment toll applies to derivative claims" (Cahill v Lat, 39 AD3d at 1014; see Devadas v Niksarli, 120 AD3d 1000, 1008 [2014]; Chambers v Mirkinson, 68 AD3d 702, 706 [2009]; Boyle v Fox, 51 AD3d 1243, 1245 [2008], lv denied 11 NY3d 701 [2008]; Whipple v Goldsmith, 202 AD2d 834, 835 [1994]).  Finally, on a motion to dismiss a third-party complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), this Court must "accept the facts as alleged in the [third-party] complaint as true, accord [the third-party plaintiffs] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Slezak v Stewart's Shops Corp., 133 AD3d 1179, 1179 [2015] [internal quotation marks and citation omitted]; see State of N.Y. Workers' Compensation Bd. v 26-28 Maple Ave., Inc., 80 AD3d 1135, 1137 [2011]).

It is uncontested that plaintiffs' potential claims against defendants in their son's medical malpractice case were purely derivative in nature.  Hence, plaintiffs could not take advantage of either the continuous treatment or infancy toll (see Bazile v City of New York, 94 AD3d 929, 930 [2012]; Boyle v Fox, 51 AD3d at 1245; Cahill v Lat, 39 AD3d at 1014), and the statute of limitations with respect to their derivative claims expired, at the latest, in October 2006 – well before Clegg is alleged to have first become involved with plaintiffs' medical malpractice case in 2008.  Clegg cannot be faulted for failing to plead an indisputably time-barred cause of action (see Hassan v Wallach, 92 AD3d 446, 447 [2012]; see generally Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.1 [a], [b] [1]) and, therefore,

the third-party complaint was properly dismissed for failure to state a cause of action for either contribution or indemnification against him.  This determination makes it unnecessary to address Clegg's further argument that the third-party complaint was properly dismissed based upon documentary evidence (see CPLR 3211 [a] [1]).  Defendants' remaining contentions have been examined and found to be without merit.

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court