**Lafferty v Avila**

2025 NY Slip Op 32126(U)

June 11, 2025

Supreme Court, New York County

Docket Number: Index No. 805399/2022

Judge: Kathy J. King

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. KATHY J. KING

*Justice*

PART     06

-------------------------------------------------------------------------------X

Joseph Lafferty as Administrator of the Estate of TIMOTHY LAFFERTY, deceased, Joseph Lafferty and LENA LAFFERTY, individually, Andrew Shaw as Administrator of the Estate of SAMANTHA SHAW, deceased, and Andrew Shaw and CHRISTY SHAW, individually,

Plaintiffs,

- v -

Edward K. Avila MD, and Memorial Sloan-Kettering CancerCenter,

Defendants.

-------------------------------------------------------------------------------X

INDEX NO.            805399/2022

MOTION DATE        02/20/2024

MOTION SEQ. NO.         001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, Defendants Edward K. Avila, D.O., s/h/a Edward K. Avila, MD ("Dr. Avila"), and Memorial Hospital for Cancer and Allied Diseases s/h/a Memorial Sloan-Kettering Cancer Center ("Memorial") move for an order requesting the following relief:

1. Dismissal pursuant to CPLR 3211(a)(5) of the first, second, "second,"[1] and third causes of action in Plaintiffs' complaint as time-barred; and,

2. Dismissal pursuant to CPLR(a)(7) of the fifth, sixth, seventh and eighth causes of action in Plaintiffs' complaint; and,

3. Summary judgment dismissal pursuant to CPLR 3212 of the fourth cause of action in Plaintiffs' complaint.

---

[1] Plaintiff designates the wrongful death claim of Samantha Shaw as the "'Second' Cause of Action," which will be reflected accordingly in this decision/order.

**805399/2022   LAFFERTY, JOSEPH ET AL vs. AVILA MD, EDWARD K. ET AL**
**Motion No.  001**

**Page 1 of 7**

The moving Defendants also seek to enter judgment dismissing the summons and complaint and directing the Clerk of the Court accordingly.

Plaintiffs oppose the motion.

## BACKGROUND

This action arises from a motor vehicle accident involving non-party Thomas Bochichio ("Bochichio" and "patient") who experienced a seizure on July 28, 2019, lost awareness, and crashed into the rear of the vehicle occupied by the Decedents Timothy Lafferty and Samantha Shaw ("the decedents"), resulting in their deaths. Dr. Avila, a neurologist employed by Memorial, at the time of the accident. He commenced treatment of Bochichio in August 2017. At the time Dr. Avila started treating him, Bochichio's driver's license had been suspended by the New York State Department of Motor Vehicles ("DMV") as a result of experiencing a seizure while driving. Dr. Avila's medical records pertaining to Bochichio indicate that Bochichio experienced seizures and seizure-related symptoms from November 2017 through January 2019. The records also state that Dr. Avila completed a DMV Physician's Statement for Medical Review form on May 15, 2019, where he represented that Bochichio had been free of seizure symptoms since June 2017, and that his medical condition would not interfere with the safe operation of a motor vehicle.

Plaintiffs claim that, by reason of Dr. Avila's negligence in the course of rendering medical care, diagnosis, treatment, and services to Bochichio, the accident on July 28, 2019, occurred, resulting in deaths of Timothy Lafferty and Samantha Shaw. Thereafter, on December 21, 2022, Plaintiffs, individually, and as the respective administrators of the decedents' estates, commenced this action by the filing of a summons and complaint, alleging the following causes of action:

**First Cause of Action**: Wrongful death of Timothy Lafferty

**Second Cause of Action**: Conscious pain and suffering of Timothy Lafferty

[* 2]

**"Second" Cause of Action:** Wrongful death of Samatha Shaw

**Third Cause of Action**: Conscious pain and suffering of Samantha Shaw

**Fourth Cause of Action:** Negligent hiring and supervision by Defendant MSKCC

**Fifth Cause of Action**: Damages on behalf of Joseph and Lena Lafferty

**Sixth Cause of Action**: Damages sustained by Joseph and Lena Lafferty under the Grieving Families Act

**Seventh Cause of Action**: Damages on behalf of Andrew Shaw and Christy Shaw

**Eighth Cause of Action:** Damages sustained by Andrew Shaw and Christy Shaw under the Grieving Families Act

Defendants now move for dismissal and entry of judgment under CPLR 3211(a)(5), 3211 (a)(7), and for summary judgment dismissal pursuant to CPLR 3212.

## DISCUSSION

As a threshold matter, that branch of Defendants' motions seeking dismissal of Plaintiffs' Fourth cause of action alleging negligent hiring and supervision is denied as moot based on the admission by Defendant Memorial, in response to Plaintiffs' Notice to Admit, that it is vicariously liable for the acts and/or omissions of Dr. Avila. Plaintiffs' Sixth and Eighth causes of action are also denied as moot since Plaintiffs have withdrawn their Grieving Families Act claims.

The Court shall first address dismissal of Plaintiffs' First and "Second" causes of action for dismissal pursuant to 3211(a)(5), which Plaintiffs contend arose from the alleged malpractice of Defendant Avila and Defendants contend are time-barred.

In support of their requested relief, Defendants point to Plaintiffs' complaint alleging that the medical care, diagnosis, treatment, and services rendered to Bochichio by Dr. Avila were rendered carelessly, unskillfully, and negligently, departing from the standard of care in the

805399/2022   LAFFERTY, JOSEPH ET AL vs. AVILA MD, EDWARD K. ET AL                Page 3 of 7
Motion No.  001

3 of 7

medical community, and therefore, resulting in the deaths of the decedents. In this regard, the DMV physician statement form dated May 19, 2017, that Dr. Avila completed as to Bochichio's medical condition is instructive. Dr. Avila signed the Form in his capacity as "Physician," represented that (1) Bochichio showed zero symptoms, and (2) Bochichio's last episode associated with his condition occurred in June 2017. The form further indicated that "in [Dr. Avila's] *medical opinion*, the patient's condition will not interfere with the safe operation of a motor vehicle" (*emphasis added*). Shortly after, Bochichio filed the completed form with the DMV, reinstating his suspended license.

The Court finds that the First and "Second" causes of action in Plaintiffs' complaint sound in medical malpractice, and not negligence, based on the pleadings and review of the DMV physician form. It is well-settled that conduct may be deemed malpractice, rather than negligence, when it "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" of a licensed physician (*Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]). In particular, "an action sounds in medical malpractice where the determination involves a consideration of professional skill and judgment" (*Rabinovich v Maimonides Med. Ctr.*, 179 AD3d 88, 93 [2d Dept 2019]; *see Bleiler*, 65 NY2d at 72; *see also Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787 [1996]; *Payette v Rockefeller Univ.*, 220 AD2d 69, 71-72 [1st Dept 1996]; *Zellar v Tompkins Community Hosp.*, 124 AD2d 287, 288 [3rd Dept 1986]).

It is undisputed that on March 20, 2020, Governor Cuomo, by Executive Order (A. Cuomo) No. 202.8 [9 NYCRR 8.202.8], issued a statute of limitations toll in response to the COVID-19 pandemic public health crisis. The Executive Order tolled any "specific time limit for the commencement, filing, or service of any legal action . . . until April 19, 2020" (*id.*), and was extended through several subsequent executive orders, the last of which remained in effect until

805399/2022   LAFFERTY, JOSEPH ET AL vs. AVILA MD, EDWARD K. ET AL          Page 4 of 7
Motion No.  001

4 of 7

November 3, 2020. The Court finds that even with this extension, the claims in this action are time-barred, regardless of whether the underlying case is for medical malpractice or wrongful death.

"An action for medical, dental, or podiatric malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure. . ." (CPLR 214-a). Here, the cause of action accrued on July 28, 2019. Accordingly, the 2.5-year medical malpractice statute of limitations, in addition to the 228-day COVID-19 toll, expired on October 16, 2022; however, the summons and complaint were filed on December 15, 2022, sixty days after expiration.

Plaintiffs' second and third causes of action for conscious pain and suffering are also time-barred and, therefore, dismissed since those claims are based on medical malpractice.

Contrary to Plaintiffs' assertions, in opposition, the continuous treatment doctrine does not toll the statute of limitations since Plaintiffs had no physician-patient relationship with Defendants. "The tolling of the statute of limitations pursuant to the continuous treatment doctrine is personal to the recipient of such treatment. . ." (*Wojnarowski v. Cherry*, 184 AD2d 353, 354-55 [1st Dept 1992]).

Plaintiffs in opposition also argue that the within action sounds in negligence, and not malpractice. The Court disagrees.

It is well-settled that in a negligence cause of action, "[t]he threshold question . . . is . . . [whether the] defendant owe[s] a legally recognized duty of care to [the] plaintiff" (*Davis v S. Nassau Cmtys. Hosp.*, 26 NY3d 563, 572 [2015], quoting *Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001]). "Generally, New York courts have declined to impose a broad duty of

805399/2022   LAFFERTY, JOSEPH ET AL vs. AVILA MD, EDWARD K. ET AL          Page 5 of 7
Motion No.  001

5 of 7

care extending from physicians past their patients to the 'indeterminate, faceless, and ultimately prohibitively large class of plaintiffs' consisting of the community at large, as opposed to 'a known and identifiable group.'" *Id.* Accordingly, the instances in which the Court has expanded a doctor's duty of care beyond that owed to her patient are exceedingly rare.

Citing *Davis v S. Nassau Cmtys.*, Plaintiffs argue that this case falls within one of the exceptions. In *Davis*, the Court held that where a medical provider has administered to a patient medication that impairs or could impair the patient's ability to safely operate an automobile, the medical provider has a duty to [unknown] third parties to warn the patient of that danger" (148 AD3d at 56).

Here, Plaintiffs argue that "the negligent compilation of an administrative form that results in the return of driving privileges does not equate to medical treatment, but rather clearly demonstrates a failure to responsibly review the medical chart, and understand the history of the patient, ergo, a negligent act." As a result, Plaintiffs contend that they are third party beneficiaries and step into the shoes of Bochichio as a result of this negligent act. The Court finds that Plaintiffs' reliance on *Davis* is misplaced since, unlike the plaintiff in *Davis*, the Plaintiffs here do not allege that Dr. Avila improperly administered medication to patient Bochichio.

Plaintiffs' causes of action based on wrongful death are also time-barred. A wrongful death action must be commenced within two years after the decedent's death (*see* EPTL 5-4.1(1)). Here, based on the July 28, 2019, date of accident, the statute of limitations for wrongful death expired on February 15, 2022, after accounting for the 228-day COVID-19 toll. The summons and complaint were filed on December 15, 2022, 303 days after expiration of the statute of limitations.

The Court disagrees with Plaintiffs' contention, in opposition, that the circumstances at bar constitute an exception for the Court's use of its discretionary authority to extend the statute of

805399/2022   LAFFERTY, JOSEPH ET AL vs. AVILA MD, EDWARD K. ET AL                    Page 6 of 7
Motion No. 001

6 of 7

limitations for its wrongful death cause of action and finds that their reliance on *Roldan v Allstate Ins. Co.* (149 AD2d 20 [2d Dept 1989]) is of no moment. Unlike the facts presented in *Roldan*, in the case at bar, no extraordinary factors warranting the extension of the statute of limitations exist, such as acts of civil disorder, natural disaster, or war (*Contra Ronald,* 149 AD2d at 34).

Lastly, the Court dismisses Plaintiffs' Fifth and Seventh causes of action for damages on behalf of Timothy Lafferty and Samantha Shaw's parents, as the Plaintiffs did not oppose these claims, and the Court finds that Defendants satisfied their burden.

Defendants' remaining contentions are without merit and are not considered by the Court. Accordingly, it is hereby

**ORDERED**, that the Defendants' motion is granted dismissing the 1st, 2nd, "2nd," 3rd, 5th and 7th causes of action in Plaintiffs' complaint; and it is further

**ORDERED**, that Defendants' motion is denied as moot as to the 4th, 6th and 8th causes of action in Plaintiffs' complaint; and it is further

**ORDERED**, that the Defendants are directed to serve a copy of this order upon all parties and the Clerk's office within ten (10) days of entry of this order; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment accordingly; and it is further

This constitutes the decision and order of the Court.

| 6/11/2025 | | | | | |
|---|---|---|---|---|---|
| DATE | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

805399/2022   LAFFERTY, JOSEPH ET AL vs. AVILA MD, EDWARD K. ET AL          Page 7 of 7
Motion No.  001

7 of 7