■ IRMA J. CIZEK, as Executrix of BENJAMIN A. CIZEK, Deceased, Appellant, v MARY IMOGENE BASSETT HOSPITAL et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Harlem, J.), entered May 7, 1990 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff is the wife of Benjamin A. Cizek (hereinafter decedent), who died of prostate cancer on July 30, 1986. As a patient of defendant William Mook, a physician, decedent was seen on several occasions since the early 1960s at the outpatient facilities of defendant Mary Imogene Bassett Hospital (hereinafter the hospital) where Mook was employed. Decedent's first visit occurred in 1963 at which time Mook con-

---

* The term "impositions" includes real estate taxes and assessments.

ducted a complete physical examination, including decedent's prostate which was normal. Mook again saw decedent in 1966 and 1968 for unrelated illnesses which did not involve prostate examinations. At a September 16, 1969 appointment, decedent complained of urinary frequency and nocturia which Mook diagnosed as "functional frequency". A prostate exam and urinalysis conducted at the time produced "normal" results.

Mook next saw decedent on January 4, 1971, at which point decedent exhibited no further urinary problems. Mook conducted a rectal examination at that time and again on September 21, 1971, at which time he noted that decedent's prostate was "normal". Several subsequent visits by decedent for unrelated conditions followed, during which no prostate exams were conducted. Decedent was given a general evaluation by Mook in July 1974. Mook noted that decedent's right prostate lobe was normal but that the left lobe felt irregular, although the "consistency seems normal". Tests thought at that time to be medically reliable at screening for early prostate cancer proved normal.

Decedent was examined at the hospital in January, February and March 1975 for increased frequency in urination. Another physician examined decedent's prostate and found it "[normal] in size although again there seemed to be some induration in the left lobe though there was no distinct nodularity". Mook examined decedent's prostate at a regularly scheduled examination on October 3, 1975 and found it to be normal. Mook examined decedent in October 1976 and noted that the prostate's left lobe had become more prominent. On May 17, 1977 Mook again examined decedent, who was complaining of urinary frequency. Mook examined the prostate and noted that "the left lobe does not seem as prominent to me as it did at the [October 1976 examination], and I cannot feel any isolated nodules, in fact it feels quite normal today".

During decedent's regularly scheduled physical examination in July 1978, Mook noted that "[p]rostate does not seem enlarged. Seems quite symmetrical to me today." Mook concluded that "I no longer feel the prostate is asymmetrical, and feels normal for a man of [decedent's] age." A September 1981 examination indicated that decedent's prostate "is small, firm but not stony hard and there are no nodules".

Decedent was then examined in April and July 1982. Mook noted in July that decedent's prostate was asymmetrical and that the left lobe was harder than the right. Mook observed

that this was a different asymmetry than that found in April and referred decedent to a specialist who diagnosed decedent's prostate cancer.

Plaintiff and decedent commenced this action in 1984 against Mook and the hospital for their failure to diagnose or treat the cancer promptly. Defendants answered and assert the Statute of Limitations as an affirmative defense and subsequently moved for summary judgment on that ground. Plaintiff sought application of the tolling provisions of CPLR 214-a under the continuous treatment doctrine. Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff's appeal followed.

We affirm. Plaintiff argues that summary judgment was improper because the complaint alleged that several of decedent's visits to Mook were related to prostate difficulty creating questions of fact regarding whether Mook's treatment of decedent was "continuous" until decedent's referral in April 1982. We disagree. Under the doctrine of continuous treatment, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " *(McDermott v Torre,* 56 NY2d 399, 405, quoting *Borgia v City of New York,* 12 NY2d 151, 155). The doctrine is not involved "where a patient initiates return visits merely to have his or her condition checked" *(McDermott v Torre, supra,* at 405) and may not be invoked simply because of continuing diagnostic visits between patient and doctor *(see, Nykorchuck v Henriques,* 78 NY2d 255; *McDermott v Torre, supra).* "[T]he doctrine is designed only to avoid the dilemma faced by a patient who is under ongoing treatment for the same condition from the offending physician, '[and] who must choose between silently accepting continued corrective treatment * * * with the risk that his claim will be time-barred or promptly instituting an action, with the risk that the physician-patient relationship will be destroyed' " *(Ross v Community Gen. Hosp.,* 150 AD2d 838, 840, quoting *Rizk v Cohen,* 73 NY2d 98, 104).

In the case at bar, we find nothing in the record to create a fact question regarding continuing treatment of decedent's prostate. Although diagnostic examinations of the prostate were undertaken, none concluded that decedent had a "condition" such that continuous return visits for "further treatment" were necessary *(see, Ross v Community Gen. Hosp., supra).* Nor do we conclude that any alleged misdiagnosis on defendants' part calls for application of the doctrine. "While

the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" *(Nykorchuck v Henriques, supra,* at 259).

Accordingly, we find that the continuous treatment doctrine is inapplicable as a matter of law and that the complaint was properly dismissed by Supreme Court as time barred.

Casey, Weiss, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.