■ ARLENE POLIZZANO et al., Appellants, v ALLAN WEINER, Respondent.

On December 1, 1987, the plaintiffs commenced the instant action to recover damages for dental malpractice. The defendant asserted a defense based on the 2½-year Statute of

Limitations *(see,* CPLR 214-a). The plaintiffs later made a motion to strike that affirmative defense, invoking the "continuous treatment" doctrine.

The Supreme Court held that the "continuous treatment" doctrine had no application and, upon searching the record *(see, Mojica v New York City Tr. Auth.,* 117 AD2d 722, 723-724), concluded that the plaintiffs' complaint, to the extent that it is based on dental malpractice which occurred more than 2½ years prior the commencement of the suit, was time barred. It was evidently due to a miscalculation that, in its order dated November 1, 1989, the court dismissed the plaintiffs' complaint to the extent that it was based on allegations of malpractice committed prior to May 1, 1984, rather than to the extent that it was based on allegations of malpractice committed prior to June 1, 1985. This error in calculation was not remedied when, in the order made upon renewal, the court adhered to the original determination.

On appeal, the plaintiffs argue that their complaint should be reinstated in its entirety, and that the defendant's Statute of Limitations defense should be stricken. The plaintiffs have the burden of showing that the continuous treatment doctrine should apply *(see, Massie v Crawford,* 78 NY2d 516; *Rizk v Cohen,* 73 NY2d 98). They have failed to meet that burden.

The plaintiffs' theory is that the defendant failed to diagnose, or to treat, a periodontal condition suffered by the plaintiff Arlene Polizzano. However, accepting the plaintiffs' own allegations as true, the plaintiffs failed to prove the existence of "a course of treatment established with respect to the condition that gives rise to the lawsuit" *(Nykorchuck v Henriques,* 78 NY2d 255, 259; *see also, Cizek v Bassett Hosp.,* 176 AD2d 1035). There is no proof in the record to show that the defendant's examinations of the plaintiff Arlene Polizzano were anything other than routine dental checkups *(see, Massie v Crawford, supra).* Under these circumstances, the continuous treatment doctrine does not apply *(see, Nykorchuck v Henriques, supra; Massie v Crawford, supra; Cizek v Bassett Hosp., supra).*

The Supreme Court thus properly rejected application of the continuous treatment doctrine. In order to grant appropriate relief, we further search the record and grant relief to the defendant in the manner stated *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Mangano, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.

■ RAMIRO A. RESTREPO et al., Also Known as SINGING FROG