■ BLAIR M. STAHL et al., Respondents, v JORGE D. SMUD, Appellant, et al., Defendant. [620 NYS2d 534] —Mikoll, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered October 7, 1993 in Otsego County, which denied a motion by defendant Jorge D. Smud for summary judgment dismissing the complaint against him.

Defendant Jorge D. Smud (hereinafter defendant), a physician specializing in obstetrics and gynecology, delivered the child of plaintiff Blair M. Stahl (hereinafter plaintiff) on June 23, 1986. During the delivery, plaintiff sustained a fourth-degree perineal laceration. In July 1989, plaintiff was diagnosed as having a recto-vaginal fistula. She commenced this action along with her husband in January 1991 alleging, inter alia, defendant's negligence in causing the recto-vaginal fistula when he repaired the perineal laceration and in failing to thereafter ascertain its existence. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against him upon the ground that the action is barred by the 2½-year Statute of Limitations for medical malpractice (CPLR 214-a) as to all treatment he rendered to plaintiff between June 23, 1986 and February 2, 1987 and that he was not negligent in the treatment rendered thereafter, on August 1, 1988. Finding that a factual issue existed concerning the applicability of the "continuous treatment doctrine" and that defendant did not satisfactorily establish his freedom from negligence in connection with the August 1, 1988 treatment, Supreme Court denied the motion. Defendant appeals.

On this appeal defendant contends that plaintiff's cause of action for malpractice relating to her treatment between June

23, 1986 and February 2, 1987 is time barred since no treatment was established for plaintiff's complaint of abnormal discharge and thus the continuous treatment doctrine does not apply. We reject this contention.

It is clear that defendant's alleged misdiagnosis of plaintiff's condition on August 1, 1988 is within the statutory period of limitation. Also, the Statute of Limitations as to his alleged acts and omissions occurring between June 23, 1986 and plaintiff's visits with him from August 1986 through February 1987 would be tolled under the continuous treatment doctrine. From affidavits supplied by plaintiff and her husband, a question of fact has been raised regarding the applicability of the continuous treatment doctrine which precludes summary judgment. The doctrine applies "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*Borgia v City of New York,* 12 NY2d 151, 155; *see, Nykorchuck v Henriques,* 78 NY2d 255, 258-259; *Richardson v Orentreich,* 64 NY2d 896, 899).

Plaintiffs' submissions support their contention that defendant performed negligent acts or omissions, *inter alia,* during labor and delivery in that he did not properly repair plaintiff's fourth-degree laceration and this caused recto-vaginal fistulas. Plaintiffs also allege that despite several postpartum appointments wherein plaintiffs complained to defendant and sought treatment for plaintiff's problem with abnormal discharge, defendant failed to diagnose her as having recto-vaginal fistulas and treat her for them.

Clearly, "a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" falls within the scope of continuous treatment (*McDermott v Torre,* 56 NY2d 399, 406). Plaintiffs have properly raised questions of fact as to whether plaintiff's numerous visits to defendant after giving birth, during which she allegedly complained of a dark discharge and pointed it out to defendant, constituted a "course of treatment" so that the continuous treatment doctrine is applicable. This is particularly true where good general practice, conceded as such by defendant, calls for examining the area where an episiotomy was performed to ensure proper healing. Defendant's conclusory self-serving statements that he did not deviate from good and accepted medical practice are insufficient to entitle him to summary judgment (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

The order of Supreme Court should therefore be affirmed.

Cardona, P. J., and White, J., concur.

Mercure, J. (dissenting). Because we conclude that Supreme Court should have granted the motion of defendant Jorge D. Smud (hereinafter defendant) for summary judgment, we dissent. The record establishes that defendant's postpartum care of plaintiff Blair M. Stahl (hereinafter plaintiff) terminated on August 4, 1986 and that a number of subsequent office visits between August 11, 1986 and February 2, 1987 were scheduled for the purpose of treating plaintiff's venereal warts, a condition completely unrelated to the recto-vaginal fistula. Although a factual issue exists as to whether plaintiffs advised defendant during the course of one or more of those appointments of the existence of a dark vaginal discharge, it is undisputed, indeed the majority concedes, that defendant made no diagnosis and rendered no treatment in that connection. From April 1987 to June 1988, all of plaintiff's gynecological care was provided by defendant Planned Parenthood Association of Delaware and Otsego Counties. It was not until August 1, 1988 that plaintiff actually sought treatment from defendant in connection with her complaint of a dark vaginal discharge and only then upon Planned Parenthood's referral.

Essential to the application of the continuous treatment doctrine is evidence supporting a finding that "there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (Nykorchuck v Henriques, 78 NY2d 255, 259). Despite plaintiff's self-serving statement that during her visits to defendant in 1986 and early 1987 she "accepted the fact that he was noting [her complaints of an intermittent dark vaginal discharge] and that the care he was giving [her] was directed at [her] various gynecological needs including this vaginal discharge", the fact remains that defendant did not render any treatment in connection with the condition giving rise to this action, i.e., the recto-vaginal fistula. "[N]either the mere 'continuing relation between physician and patient' nor 'the continuing nature of a diagnosis' is sufficient to satisfy the requirements of the doctrine" (supra, at 259, quoting McDermott v Torre, 56 NY2d 399, 405, 406) because "[i]n the absence of continuing efforts by a doctor to treat a particular condition, none of the policy reasons underlying the continuous treatment doctrine justify the patient's delay in bringing suit" (Nykorchuck v Henriques, supra, at 259; see, Massie v Crawford, 78 NY2d 516, 519-520; Cizek v Bassett Hosp., 176 AD2d 1035, 1037). "While the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a

course of treatment is a course of treatment" *(Nykorchuck v Henriques, supra,* at 259).

Here, as in *Nykorchuck v Henriques (supra),* the gravamen of plaintiff's complaint is not that defendant performed negligent acts or omissions during the course of any treatment of her recto-vaginal fistula but, rather, that he was negligent in failing to establish a course of treatment at all. In fact, *Nykorchuck v Henriques (supra)* and *Cizek v Bassett Hosp. (supra)* both presented fact patterns more favorable to the respective plaintiffs than that present here. In *Nykorchuck,* while treating the plaintiff for an unrelated problem, the defendant was able to feel a lump in the plaintiff's breast and allegedly misdiagnosed breast cancer. In *Cizek,* a malpractice action predicated upon the defendant's alleged failure to diagnose the plaintiff's prostate cancer, it was established that the defendant had examined the plaintiff's prostate on a number of occasions and that, in fact, several of the visits were prompted by the plaintiff's prostate problems. Nonetheless, we held that the continuous treatment doctrine did not apply because no *condition* was diagnosed requiring return visits for *treatment (Cizek v Bassett Hosp., supra,* at 1037; *see, Ross v Community Gen. Hosp.,* 150 AD2d 838, 840; *see also,* CPLR 214-a). In the present case, it does not appear that defendant ever made note of plaintiff's alleged complaints or attributed any cause to them.

We also agree with defendant that his April 22, 1993 affidavit in support of the summary judgment motion and annexed medical records satisfied his initial burden with regard to his care and treatment of plaintiff on August 1, 1988. Having come forward with expert medical evidence rebutting plaintiff's claim of malpractice, the burden shifted to plaintiff to produce evidentiary proof in admissible form establishing the existence of material questions of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327). Plaintiff having failed to oppose the motion with any competent medical evidence tending to establish defendant's negligence or to proffer any excuse for that failure, it is our view that Supreme Court was required to grant the motion *(see, supra).*

Yesawich Jr., J., concurs. Ordered that the order is affirmed, with costs.