■ MARINA TRAVERSO, Appellant, v RONALD J. REED, Defendant, and STEVEN BRUNO et al., Respondents. [651 NYS2d 225] —Carpinello, J. Appeals from two orders of the Supreme Court (Coutant, J.), entered August 29, 1995 and January 10, 1996 in Broome County, which granted motions by defendants Steven Bruno and Plaza Dental Services for summary judgment dismissing the complaint against them.

By summons and complaint dated May 24, 1994, plaintiff commenced this action alleging that defendant Steven Bruno, a dentist, had negligently treated her in reference to one of her teeth (hereinafter tooth No. 9). Plaintiff also sued defendant Plaza Dental Services, Bruno's employer.* After submitting answers and conducting pretrial discovery, both defen-

---

* Defendant Ronald J. Reed was also sued. Supreme Court's dismissal of the action against him is not at issue on this appeal.

dants moved for summary judgment on the ground that the action was time barred under CPLR 214-a. Supreme Court granted the motions and plaintiff appeals.

We affirm. In Bruno's motion, he successfully established that the last date he personally treated plaintiff was October 25, 1991. She then began receiving treatment from another dentist who was also apparently an employee of Plaza Dental. As for Plaza Dental, we agree with Supreme Court that it submitted sufficient proof to show that the last date plaintiff was treated for tooth No. 9 was November 15, 1991. Thus, defendants offered prima facie proof that the $2^1/_2$-year time period set forth in CPLR 214-a for commencing a dental malpractice action had expired. The burden then shifted to plaintiff to aver evidentiary facts showing that her case fell within an exception to the statutory time period (*see, Siegel v Wank*, 183 AD2d 158). Here, plaintiff claimed that the continuous treatment doctrine applied (*see, Polizzano v Weiner*, 179 AD2d 803). The Statute of Limitations under this doctrine is tolled until after the injured party's last treatment " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405, quoting *Borgia v City of New York*, 12 NY2d 151, 155). The injured party, however, must show that a course of treatment was established with respect to the condition that gave rise to the lawsuit (*see, Nykorchuck v Henriques*, 78 NY2d 255, 258-259).

In the case at hand, plaintiff contended that her last treatment was on December 2, 1991, thus making her suit timely. Her dental records, however, fail to indicate that any work was performed that date on tooth No. 9; instead they reveal only that the treatment was for a tooth wholly unrelated to tooth No. 9 (*see, Kasten v Blaustein*, 214 AD2d 539; *see also, Polizzano v Weiner, supra*). Although plaintiff contends that the treatment she sought in December 1991 was for tooth No. 9, she failed to offer any proof in support of this claim. Plaintiff's conclusory allegations were insufficient to defeat defendants' motions (*see, Pizzi v Bradlee's Div. of Stop & Shop*, 172 AD2d 504). Accordingly, insofar as the continuous treatment doctrine did not extend the time period for bringing suit beyond November 15, 1991, Supreme Court properly granted the motions for summary judgment.

In attempting to hold Bruno liable, plaintiff sought to establish a relationship between Bruno and the dentist who treated her after October 25, 1991. If she had been successful in establishing a continuing relevant relationship between the

two dentists, the treatment she received from the second dentist could have been imputed to Bruno for the purpose of tolling the Statute of Limitations (*see, Pierre-Louis v Ching-Yuan Hwa*, 182 AD2d 55; *see also, Polokoff v Palmer*, 190 AD2d 897; *Watkins v Fromm*, 108 AD2d 233). Supreme Court found that plaintiff failed to provide any evidence of such a relationship. It is unnecessary, however, for this Court to reach this issue in light of our conclusion that defendants satisfactorily proved that plaintiff's last treatment for tooth No. 9 was on November 15, 1991. Thus, even if the continuous treatment doctrine could have been applied to Bruno, plaintiff's last treatment from any dentist at Plaza Dental for tooth No. 9 was rendered outside of the $2^{1}/_{2}$-year time period set forth in CPLR 214-a.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, with costs.