■ JENNIFER EASTON, Appellant, v ROGER D. KELLERMAN et al., Respondents. [670 NYS2d 618] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered October 1, 1997 in Albany County, which partially granted defendants' motion for summary judgment dismissing the complaint on Statute of Limitations grounds.

After injuring her jaw and teeth in an automobile accident in February 1989, plaintiff—then 17 years old—consulted defendant Roger D. Kellerman, her family dentist, who proposed a course of treatment to repair the damage. Beginning in April 1989, Kellerman treated plaintiff by, *inter alia*, performing root canal work on several teeth, and installing upper and lower bridgework. These procedures were carried out during 1989 and early in 1990; Kellerman's records, although somewhat unclear, indicate that, as of plaintiff's visit on February 5, 1990, it was contemplated that some additional work would be done either "when patient back from school" or "if/when bridge loosens". Plaintiff next visited Kellerman in January 1991, and from that time forward continued to treat with him several times a year until she left New York in 1994.

After moving to Illinois, and consulting a dentist there about her ongoing problems, plaintiff was informed that she was suffering from infection and abscesses, purportedly resulting from deficiencies in Kellerman's work. She commenced this action charging dental malpractice in March 1996. Defendants sought and were granted partial summary judgment on Statute of Limitations grounds, to the extent that plaintiff's claims arising from treatments furnished prior to September 13, 1993 (i.e., more than 2½ years before the commencement of this lawsuit) were dismissed. Plaintiff appeals.

In our view, the record presents a triable question of fact with respect to whether plaintiff's visits to Kellerman after September 13, 1993 were part of a continuous course of treatment, begun in 1989, for her original injuries, and the problems that resulted from the initial work undertaken to treat those injuries. The exact nature of those visits is disputed; while Kellerman claims they were routine check-ups, unrelated to the root canal therapy and bridgework completed in 1990, plaintiff avers that she repeatedly complained of and sought treatment for pain, bleeding and foul taste in the area of her mouth that had been injured and reconstructed. In response to these complaints, she contends, Kellerman told her that her symptoms were the result of poor oral hygiene, directed her to improve her habits in that regard, and instructed her on various methods of flossing and massaging her gums. Not insignificantly, Kellerman's records do in some measure corroborate plaintiff's contentions, for they disclose that he treated her for pain and infection in 1991, sensitivity in 1992, and bleeding, pain and inflammation in 1993.

This record, read in the light most favorable to plaintiff, can support a finding that at least one reason for plaintiff's continuing visits to Kellerman through 1994 was to obtain treatment for the aforementioned symptoms (*see, McDermott v Torre*, 56 NY2d 399, 406; *Kimiatek v Post*, 240 AD2d 372, 373; *Bartolo v Monaco*, 202 AD2d 535, 536; *compare, Parsons v Rubin*, 239 AD2d 653, 654), and that during that period Kellerman was engaged, albeit unsuccessfully, in an effort to treat those symptoms by teaching and urging plaintiff to pursue a rigorous regimen of oral hygiene and, on at least one occasion, prescribing an antibiotic. Moreover, considering plaintiff's averment that she made a diligent attempt to comply with the instructions she was given, along with the fact that she did not seek treatment from any other dental provider until she moved from New York, it appears that she had the "continuing trust and confidence" in Kellerman's judgment upon which the continu-

ous treatment doctrine is grounded (*see, Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 339; *Massie v Crawford*, 78 NY2d 516, 519).

Because it cannot be said, as a matter of law, that plaintiff did not receive "continuous treatment for the same illness, injury or condition" that precipitated this action (CPLR 214-a) beyond September 1993 (*see, Stahl v Smud*, 210 AD2d 770, 771; *Yelin v American Dental Ctr.*, 184 AD2d 693, 695; *Siegel v Wank*, 183 AD2d 158, 162; *Levy v Schnader*, 96 AD2d 854, 854-855), defendants' motion should have been denied in its entirety.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as partially granted the motion and awarded defendants summary judgment dismissing all claims based on treatments prior to September 13, 1993; motion denied to that extent; and, as so modified, affirmed.