■ EULINE ALVAREZ, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [684 NYS2d 526] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 11, 1998, granting the motion of defendant New York City Health and Hospitals Corporation for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs.

The record indicates that the course of treatment at the corporate defendant's hospital facility upon which the instant malpractice action is premised ceased in December 1991. Thereafter, plaintiff sought treatment for her condition from at least three physicians unaffiliated with defendant Health and Hospitals Corporation and made numerous statements to the effect that she did not intend to return to defendant's facility for treatment. Under these circumstances, the motion court correctly concluded that plaintiff's eventual decision to schedule an appointment at defendant's hospital in December 1992 could not be viewed as part of a continuing course of treatment justifying the toll of the statutory limitations period, but was instead properly understood merely as a manifestation of plaintiff's unilateral intention to resume treatment with defendants notwithstanding her unambiguous election one year before to discontinue that treatment. Treatment so definitively

discontinued may not simply by means of a patient's subsequent unilateral initiative be rendered continuous so as to bring it within the statutory period (*see, Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333). We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Sullivan, J. P., Williams, Mazzarelli and Andrias, JJ.