■ Donna Schloss, Appellant, v Albany Medical Center, Respondent. [719 NYS2d 148] —Crew III, J. Appeal from an order of the Supreme Court (Marinelli, J.), entered October 27, 1999 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

On August 23, 1989, plaintiff underwent ambulatory laparoscopic surgery at defendant, a hospital, and was released. On August 24, 1989, plaintiff was rushed back to defendant and an emergency laparotomy was performed, at which time a large clot was removed from her pelvis and abdomen. In 1990, plaintiff was treated by Wayne Maben, a surgeon, for removal of a ganglion cyst under her right arm. At that time, plaintiff complained of abdominal pain and Maben prescribed pain medication. In July 1991, plaintiff consulted with Charles Sturgis, a general practitioner, for abdominal pain, at which time she provided a medical history, including her history of pelvic inflammatory disease and her August 1989 surgeries. Sturgis conducted pelvic examinations and a pelvic ultrasound and ordered a CT scan. Sturgis diagnosed the problem as chronic pelvic inflammatory disease and prescribed medication as a treatment. Finally, in August 1991, plaintiff was referred by Sturgis to Donald Swartz, the chair of the gynecology department at defendant. Plaintiff was thereafter admitted to defendant and underwent several additional surgeries.

In 1995, plaintiff commenced this action against defendant alleging medical malpractice as the result of the allegedly negligent aftercare rendered following her August 23, 1989 surgery. Defendant answered and thereafter moved for summary judgment dismissing plaintiff's complaint on the ground that the action was time barred. Supreme Court granted defendant's motion and this appeal ensued.

Plaintiff contends that her surgeries at defendant in 1991 and her follow-up care through 1994 constituted continuous treatment, thereby staying the otherwise 2½-year Statute of Limitations applicable to this case (*see, Borgia v City of New York,* 12 NY2d 151, 155-156). We disagree. The record here makes plain that plaintiff did not continue to treat with defen-

dant following her emergency surgery on August 24, 1989. Instead, she sought treatment from two private physicians, Maben and Sturgis, without consulting with defendant or its physicians. It was only when Sturgis referred plaintiff to Swartz that plaintiff returned to defendant for further treatment. Such is not sufficient to bring plaintiff within the continuous treatment doctrine (*see, e.g., Alvarez v New York City Health & Hosps. Corp.*, 257 AD2d 516; *Sposato v Di Giacinto*, 247 AD2d 267). Moreover, the record indicates that plaintiff, believing she had been the victim of medical malpractice, contacted two attorneys following her discharge from defendant in August 1989. Such conduct plainly severed whatever relationship of trust and confidence that previously may have been said to exist between plaintiff and defendant (*see, Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 339).

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.