■ JANIS DANSBY, Respondent, v DR. TRUMPATORI et al., Defendants, and JERRY H. LYNN, D.D.S., Appellant. [748 NYS2d 383] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered July 24, 2001, which denied Dr. Lynn's motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, with costs.

Plaintiff's affidavit in opposition to the motion raises triable issues of fact as to whether Dr. Lynn's office provided continuous treatment to plaintiff after February 10, 1997, the day on which Dr. Lynn avers he completed plaintiff's bridgework treatment. Plaintiff eventually commenced her dental malpractice action in June 2000, more than 2½ years after the February 10, 1997 date (*see* CPLR 214-a). However, plaintiff avers that she had numerous problems with the bridgework and con-

tinually revisited Dr. Lynn's office through August 1998 in an effort to have the problems corrected. Plaintiff states that during this period of alleged continuous treatment, she would walk into Dr. Lynn's office, without an appointment, or payment of an additional fee, and be assisted with her bridge problems by persons employed by Dr. Lynn's clinic. The facts attested to in her affidavit create questions of fact as to whether both the patient and dentist anticipated future treatment by the dentist for the same condition that gives rise to the cause of action (*see Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338; *Easton v Kellerman*, 248 AD2d 913; *compare Iazzetta v Vicenzi*, 200 AD2d 209, 211-212, *lv dismissed* 85 NY2d 857). Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.