■ AMY LEMMERMAN, Respondent, v DELMAR DENTAL, P.C., et al., Appellants. [770 NYS2d 802]—

Lahtinen, J. Appeal from an order of the Supreme Court (Benza, J.), entered May 13, 2003 in Albany County, which denied defendants' motion to dismiss the complaint.

Plaintiff commenced this action on September 30, 2002 alleging, among other things, that defendant Thomas Abele negligently injured her lingual nerve while extracting four wisdom teeth on January 11, 2000. Defendants moved to dismiss the complaint upon the ground that it was barred by the 2½-year statute of limitations for dental malpractice actions (*see* CPLR 214-a). Plaintiff contended that she received treatment related to the extraction from Abele until at least April 10, 2000 and, therefore, that the action was timely because the continuous treatment doctrine tolled the statute of limitations until such date. Supreme Court denied defendants' motion finding that, viewed in the light most favorably to plaintiff, there was evidentiary support for her contention that she received continuous treatment through April 10, 2000. Defendants appeal.

We affirm. The continuous treatment doctrine tolls the statute of limitations during the time " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405 [1982], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *see Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 267 [2002]). The doctrine includes "a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*McDermott v Torre, supra* at 406; *Stahl v Smud*, 210 AD2d 770, 771 [1994]).

There is no dispute that plaintiff returned to Abele on January 17, 2000 and February 10, 2000 for postoperative visits at which she complained of continuing discomfort on the right side of her tongue and was reportedly informed by Abele that her numbness and discomfort would eventually dissipate. Defendants argue, however, that the April 10, 2000 appointment was a routine hygiene appointment and not a continuation of treatment for the surgery. While the April 10, 2000 appointment included routine hygiene work, plaintiff's affidavit states that, at that appointment, she also complained to Abele about the

ongoing problems of numbness with her tongue, that Abele examined her and told her that feeling would eventually return to her tongue and that no specific treatment was necessary. Dental records kept by defendants confirm that plaintiff complained to Abele about her tongue at the April 10, 2000 visit. Review of the record reveals evidence that plaintiff sought treatment in April 2000 for complaints related to the January 2000 surgery and that Abele addressed those complaints and rendered a professional opinion upon which plaintiff relied. Such evidence sufficiently implicates the continuous treatment doctrine to avoid summary dismissal (*see Easton v Kellerman*, 248 AD2d 913 [1998]; *see also Dansby v Trumpatori*, 298 AD2d 265 [2002]).

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.