■ ANTHONY DIONISIO, as Executor of VITO DIONISIO and ROSA DIONISO, Deceased, et al., Appellants, v GEO. DE RUE CONTRACTORS, INC., Respondent. [833 NYS2d 786]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered November 18, 2005 in a breach of contract action. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for leave to amend the complaint to add a cause of action for fraud.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In 1997 defendant contracted with plaintiff Allesandro Bertoni and Vito Dionisio, who is now deceased, to construct, inter alia, a roadway with a "binder" depth of two inches. A "binder course" is "a coarse aggregate bound with bitumen between the foundation and the wearing course of an asphalt pavement" (Webster's Third New International Dictionary 217 [1993]). Construction of the roadway was completed in November 1997, and final payment for that roadway was made in May 1999. Plaintiffs commenced this action for breach of contract after discovering, in July 2003, that the roadway had not been constructed with a two-inch binder course. Defendant moved for summary judgment dismissing the complaint as barred by the statute of limitations, and plaintiffs cross-moved for leave to amend the complaint to add a cause of action for fraud. We conclude that Supreme Court properly granted defendant's motion and denied plaintiffs' cross motion.

Contrary to plaintiffs' contention, equitable estoppel did not serve to toll the statute of limitations on the underlying breach of contract cause of action. Here, there is an alleged concealment without any actual misrepresentation, and thus "estoppel is appropriate only where there is a fiduciary relationship that 'gave . . . defendant[ ] an obligation to inform [Allesandro and

Vito] of facts underlying the claim' " (*Niagara Mohawk Power Corp. v Freed*, 288 AD2d 818, 819 [2001], quoting *Gleason v Spota*, 194 AD2d 764, 765 [1993]). In this case, there is no evidence of such a relationship.

Contrary to the further contention of plaintiffs, the court properly denied their cross motion for leave to amend the complaint. "Although leave to amend pleadings should be freely granted (*see* CPLR 3025 [b]), leave is properly denied where, as here, the proposed amendment plainly lacks merit" (*A.R. Mack Constr. Co. v Patricia Elec.*, 5 AD3d 1025, 1026 [2004]; *see Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8 AD3d 1000, 1001 [2004]; *Christiano v Chiarenza*, 1 AD3d 1039, 1040 [2003]). Plaintiffs are correct that fraudulent concealment is a viable cause of action in New York (*see generally P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [2003]; *Swersky v Dreyer & Traub*, 219 AD2d 321, 326 [1996]). In this case, however, the proposed fraudulent concealment cause of action "may not be independently asserted" because it arises from the same facts that serve as the basis for the breach of contract cause of action (*Dec v Auburn Enlarged School Dist.*, 249 AD2d 907, 908 [1998]; *see Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]; *Todd v Grandoe Corp.*, 302 AD2d 789, 791 [2003]; *Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913, 915 [1997]). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.