■ Mechal Cellupica et al., Respondents, v Melody Bruce et al., Appellants. [853 NYS2d 190]—

Kavanagh, J. Appeal from an order of the Supreme Court (Kramer, J.), entered August 20, 2007 in Schenectady County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

On February 13, 2003, defendant Melody Bruce (hereinafter defendant) performed a surgical procedure to remove a mass from the left ovary of plaintiff Mechal Cellupica (hereinafter plaintiff). After the procedure, plaintiff was told both of her ovaries were removed. Plaintiff saw defendant for a postsurgical follow-up appointment on March 12, 2003 and continued to treat with defendant for postsurgical incision issues and complaints of left side pain until July 21, 2003. Sometime thereafter, still complaining of pain, plaintiff was treated by another doctor and ultimately underwent additional surgery to remove what plaintiff claims was ovarian tissue.

On February 10, 2006, plaintiff and her husband, derivatively, commenced this action against defendants with a summons and notice. Defendants served a notice of appearance and demand for complaint and, after no complaint was received, moved to dismiss plaintiffs' claims. Plaintiffs thereafter served a complaint alleging claims for medical malpractice. Supreme Court denied defendants' motion to dismiss and directed them to answer plaintiffs' complaint. Defendants' answer asserted several affirmative defenses, including the statute of limitations, and defendants subsequently moved for summary judgment dismissing the complaint as untimely. In response to the motion, plaintiffs argued that there should be a toll of the statute of limitations claiming that defendant had represented that plaintiff would no longer require gynecological treatment because she no longer had ovaries.

At oral argument, Supreme Court, sua sponte, permitted plaintiffs to amend their complaint to assert a claim against defendants alleging fraudulent concealment of medical malpractice. The court subsequently denied defendants' motion for summary judgment, prompting this appeal.

We reverse. Even if it is assumed that plaintiff last treated with defendant on July 28, 2003—the date she last had contact with defendant—this action was not commenced until after the 2½-year statute of limitations had expired. Plaintiffs have failed to allege any facts that, if proven, would establish that defendants should be equitably estopped from asserting the statute of limitations defense. Equitable estoppel applies as a bar to a statute of limitations defense when a defendant's affirmative wrongdoing causes a plaintiff to delay in commencing an action (*see Zumpano v Quinn*, 6 NY3d 666, 673 [2006]). For estoppel to preclude the assertion of a statute of limitations defense, plaintiffs must establish by clear and convincing evidence (*see Central Fed. Sav. v Laurels Sullivan County Estates Corp.*, 145 AD2d 1, 6 [1989], *lv dismissed* 74 NY2d 944 [1989], *lv denied* 76 NY2d 704 [1990]; *see also Dombroski v Samaritan Hosp.*, 47 AD3d 80, 82 [2007]) that they failed to timely commence their action "due to a fraud, deception or misrepresentation perpetrated by defendant[s]" (*Phillips v Dweck*, 300 AD2d 969, 969 [2002]; *see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; *Giarratano v Silver*, 46 AD3d 1053, 1056 [2007]).

Plaintiffs failed to plead either fraud or fraudulent concealment in their complaint (*see Florio v Cook*, 48 NY2d 792, 793 [1979]; *Immediate v St. John's Queens Hosp.*, 48 NY2d 671, 672 [1979]). Moreover, in response to defendants' motion, plaintiffs offered no evidence that defendant in fact knew that she had

not removed plaintiff's left ovary or that if she knew, she intentionally withheld this information and misrepresented this fact to plaintiff (*see Simcuski v Saeli*, 44 NY2d at 453; *Atton v Bier*, 12 AD3d 240, 241 [2004]). Without such evidence, plaintiffs' proposed amendment of the complaint to allege a claim of fraudulent concealment has no merit (*see Dionisio v Geo. De Rue Contrs., Inc.*, 38 AD3d 1172, 1174 [2007]; *Smith v Bessen*, 161 AD2d 847, 848 [1990]), and Supreme Court erred by granting plaintiffs leave to file an amended complaint.

Accordingly, plaintiffs' complaint should have been dismissed as untimely.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.