■ CAROLYN BOYLE et al., Appellants, v STANLEY FOX et al., Respondents. [858 NYS2d 444]—

Peters, J.P. Appeals (1) from an order of the Supreme Court (Coccoma, J.), entered August 15, 2007 in Delaware County, which, among other things, granted defendants' motion to dismiss the complaint, and (2) from the judgment entered thereon.

In May 2003, plaintiff Carolyn Boyle (hereinafter plaintiff) was prescribed Gentamicin, for treatment of her endocarditis, by defendants, her treating physicians. In November 2006, plaintiff and her husband, derivatively, commenced this action for medical malpractice against defendants, alleging that as a result of their negligent administration and monitoring of Gentamicin, plaintiff suffered inner ear damage affecting her vision and balance and causing her recurrent headaches. Defendants moved to dismiss the complaint on the ground that the action was time-barred by the applicable 2½-year statute of limitations (see CPLR 214-a). Rejecting plaintiffs' assertion that the statute of limitations was tolled based upon the continuing treatment doctrine, Supreme Court granted defendants' motion and dismissed the complaint. Plaintiffs appeal and we affirm.

As conceded by plaintiffs, defendants met their threshold requirement of offering prima facie proof that the applicable statute of limitations had expired, thereby shifting the burden

to plaintiffs to present evidentiary facts establishing the applicability of the continuous treatment doctrine (*see Traverso v Reed*, 234 AD2d 731, 732 [1996]; *Sweet v Austin*, 226 AD2d 942, 943 [1996], *lv denied* 88 NY2d 811 [1996]; *Siegel v Wank*, 183 AD2d 158, 159-160 [1992]). Under this doctrine, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405 [1982], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962], *affd* 15 NY2d 665 [1964]; *see Aulita v Chang*, 44 AD3d 1206, 1208 [2007]). While "[t]he doctrine includes 'a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment' " (*Lemmerman v Delmar Dental*, 3 AD3d 771, 772 [2004], quoting *McDermott v Torre*, 56 NY2d at 406; *see Stahl v Smud*, 210 AD2d 770, 771 [1994]), neither a general physician/patient relationship, routine examinations nor visits concerning matters unrelated to the condition giving rise to the malpractice claim are sufficient to invoke the benefit of the doctrine (*see Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 268 [2002]; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *Massie v Crawford*, 78 NY2d 516, 519-520 [1991]). Essentially, plaintiffs must proffer evidence supporting an established course of treatment with respect to the condition that gave rise to the lawsuit (*see Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991]; *Waring v Kingston Diagnostic Radiology Ctr.*, 13 AD3d 1024, 1025-1026 [2004]).

Plaintiff's affidavit in opposition to defendant's motion avers that she was under the continuous care of defendants for treatment of the complaints that she made shortly after she was prescribed Gentamicin, that she continued to see defendants through October 2004 and that she "never saw [defendants] without complaining of the effects of the Gentamicin and seeking medical relief from the symptoms of those effects." Yet medical records of July, September and October 2004* show that plaintiff was treated for separate and distinct conditions, such as high blood pressure, heart palpitations and arthritic related symptoms, and are devoid of proof that plaintiff complained of, or was treated for, any symptoms related to the conditions al-

---

* These are the only records dated less than $2^{1}/_{2}$ years prior to the commencement of this action. Although plaintiff claims that she also presented her complaints and sought treatment for the symptoms thereof during an August 22, 2004 visit with defendant Stanley Fox, the corresponding medical record indicates that plaintiff was a "no show" on that date.

leged in her complaint (*compare Easton v Kellerman*, 248 AD2d 913, 914 [1998]). While defendants' medical records do reveal that plaintiff had developed "ototoxicity from the Gentamicin with vestibular problems" shortly after defendant Stanley Fox discontinued the Gentamicin on June 16, 2003, that plaintiff made complaints regarding her vision and balance for the following few months and that her condition was reported on some of the subsequent medical notes, the record fails to demonstrate a continuous course of treatment by defendants in connection with this condition. Indeed, it is well settled that the continuing nature of a diagnosis is insufficient to satisfy the requirements of the doctrine (*see Ganess v City of New York*, 85 NY2d 733, 736 [1995]; *Nykorchuck v Henriques*, 78 NY2d at 259). Moreover, plaintiff informed defendant Blaine R. Jones in July 2003 that she intended to initiate legal action concerning her care with respect to the Gentamicin treatment, conduct which suggests that "whatever relationship of trust and confidence that previously may have been said to exist between plaintiff and defendant[s]" regarding the treatment of this particular condition was, by that time, severed (*Schloss v Albany Med. Ctr.*, 278 AD2d 614, 615 [2000], *lv denied* 96 NY2d 707 [2001]; *see Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 339 [1997]). Accordingly, Supreme Court properly granted defendants' motion to dismiss the complaint.

Nor did Supreme Court err in dismissing plaintiffs' derivative claims as time-barred. Any extension granted by the tolling of the statute of limitations pursuant to the continuous treatment doctrine is personal to the recipient of the treatment and does not apply to derivative claims (*see* CPLR 214-a; *Cahill v Lat*, 39 AD3d 1013, 1014 [2007]; *Whipple v Goldsmith*, 202 AD2d 834, 835 [1994]).

Spain, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order and judgment are affirmed, with costs.