Shultis v Patel (2018 NY Slip Op 05398)





Shultis v Patel


2018 NY Slip Op 05398


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

526123

[*1]KRYSTAL SHULTIS, Appellant,
v
DEEPAK PATEL et al., Respondents.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Aarons, JJ.

Jeff Brody Injury Law, Kingston (Jeff Brody of counsel), for appellant.
Steinberg, Symer & Platt, LLP, Poughkeepsie (Carol C. Poles of counsel), for respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Mott, J.), entered April 4, 2017 in Ulster County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff commenced this action alleging, as is relevant here, medical malpractice arising out of rectal surgery performed by defendant Deepak Patel. Her last appointment with Patel was on January 12, 2012 and she commenced this action on July 31, 2014. Patel and defendant Colon & Rectal Care, P.C., the professional corporation that employed him, served separate answers in which they advanced the statute of limitations as an affirmative defense. Supreme Court granted
defendants' subsequent motion for summary judgment dismissing the complaint as time-barred, and plaintiff appeals.
We affirm. "[A] medical malpractice action must be commenced within 2½ years of the relevant act or the 'last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the [challenged] act, omission or failure'" (Lohnas v Luzi, 30 NY3d 752, 755 [2018], quoting CPLR 214-a). The alleged malpractice was committed during or in the aftermath of surgery performed in August 2011. Plaintiff last saw Patel for treatment in January 2012, leaving a gap of more than 2½ years between that visit and the July 2014 commencement of this action. This gap was not dispositive, but was nevertheless sufficient to shift the burden "to plaintiff[] to demonstrate [a] triable issue[] of fact as to whether the continuous treatment doctrine tolled the statute of limitations" (Simons v Bassett Health Care, 73 [*2]AD3d 1252, 1254 [2010]; see Massie v Crawford, 78 NY2d 516, 519 [1991]).
In that regard, Patel referred plaintiff to another surgeon in the fall of 2011 due to the complexity of her case and made it clear that her care would be handled by that surgeon going forward. Plaintiff left no doubt in her deposition testimony that she understood this by January 2012 and, indeed, acknowledged that she already suspected Patel of having bungled her treatment by that point and intended to pursue further treatment with her new surgeon (see Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 339 [1997]; Boyle v Fox, 51 AD3d 1243, 1245 [2008], lv denied 11 NY3d 701 [2008]; Schloss v Albany Med. Ctr., 278 AD2d 614, 614-615 [2000], lv denied 96 NY2d 707 [2001]; cf. Lohnas v Luzi, 30 NY3d at 756). Plaintiff did just that and, contrary to her contention, Patel later noting her treatment by other medical providers and issuing a courtesy renewal of a prescription at the request of a pharmacy did not suggest that more treatment was "explicitly anticipated by both" plaintiff and Patel so as to implicate the continuous treatment doctrine (Richardson v Orentreich, 64 NY2d 896, 898 [1985]; see Nykorchuck v Henriques, 78 NY2d 255, 258-259 [1991]; Fuller v Aberdale, 130 AD3d 1277, 1281-1282 [2015]; Boyle v Fox, 51 AD3d at 1244). Thus, Supreme Court properly concluded that the doctrine was inapplicable and granted defendants' motion for summary judgment.
McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur,
ORDERED that the order is affirmed, with costs.