Ferrara-Carpenter v Ormsby (2024 NY Slip Op 06092)

Ferrara-Carpenter v Ormsby

2024 NY Slip Op 06092

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-1240
[*1]Lauren N. Ferrara-Carpenter et al., Appellants,
v
Janice Hall Ormsby et al., Respondents.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Edward E. Kopko, Lawyer, PC, Ithaca (Jason Violette of counsel), for appellants.
Martin, Ganotis, Brown, Mould & Currie, PC, Dewitt (Cayley M. Young of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Elizabeth E. Aherne, J.), entered June 6, 2023 in Tompkins County, which granted defendants' motions for summary judgment dismissing the complaint.
In April 2008, plaintiff Lauren N. Ferrara-Carpenter began treatment with defendant Janice Hall Ormsby, a dentist, and defendant East Shore Dental Care, LLC, her dental practice, for the placement of veneers.[FN1] Ferrara-Carpenter was last seen by defendants on November 1, 2011.[FN2] Thereafter, on March 7, 2016, Ferrara-Carpenter and her spouse commenced this action alleging, among other claims, dental malpractice arising out of the alleged improper placement and replacement of several veneers. Defendants each served an answer in which they advanced the statute of limitations as an affirmative defense. Following discovery, defendants moved for summary judgment dismissing, as relevant here, allegations of malpractice as time-barred. Supreme Court granted defendants' motions, and plaintiffs appeal.
We affirm. "An action for . . . dental . . . malpractice must be commenced within [2½ years] . . . of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a; see Rich v Lavelle, 216 AD3d 1323, 1324 [3d Dept 2023]). It is undisputed that the last time Ferrara-Carpenter was seen by defendants was November 1, 2011; as such, barring a tolling of the statute, the 2½-year dental malpractice statute expired on May 1, 2014. Here, the summons was not filed until March 7, 2016, rendering the action time-barred.[FN3] Defendants met their prima facie burden by demonstrating that the applicable statute of limitations had expired. The burden then shifted to plaintiffs to demonstrate that the statute was in fact tolled by way of the continuous treatment doctrine (see Shultis v Patel, 163 AD3d 1342, 1342-1343 [3d Dept 2018]; Boyle v Fox, 51 AD3d 1243, 1243-1244 [3d Dept 2008], lv denied 11 NY3d 701 [2008]; Cellupica v Bruce, 48 AD3d 1020, 1021 [3d Dept 2008]).
"Under the continuous treatment doctrine, the time in which to bring a malpractice action is stayed when the course of treatment that includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (Rich v Lavelle, 216 AD3d at 1324 [internal quotation marks, brackets and citations omitted]; see Lohnas v Luzi, 30 NY3d 752, 755-756 [2018]). "The underlying premise of the continuous treatment doctrine is that the [dentist]-patient relationship is marked by continuing trust and confidence and that the patient should not be put to the disadvantage of questioning the [dentist]'s skill in the midst of treatment, since the commencement of litigation during ongoing treatment necessarily interrupts the course of treatment itself" (Gomez v Katz, 61 AD3d 108, 111 [2d Dept 2009] [citations omitted]; see Labshere v Petroski, 32 AD3d 645, 647 [3d [*2]Dept 2006]). While plaintiffs argue that Ferrara-Carpenter continued to treat with defendants, she does not point to any further treatment rendered, but merely to her three telephone calls to the office to schedule appointments.[FN4] Tellingly, Ferrara-Carpenter left no doubt in her deposition testimony that in late 2011 or early 2012, she no longer had trust and confidence in defendants and, instead, sought second opinions and treatment from other dental professionals and never again received treatment from defendants. Thus, Supreme Court properly concluded that the doctrine was inapplicable (see Shultis v Patel, 163 AD3d at 1343; Hauss v Community Care Physicians, P.C., 119 AD3d 1037, 1038 [3d Dept 2014]; Schloss v Albany Med. Ctr., 278 AD2d 614, 615 [3d Dept 2000], lv denied 96 NY2d 707 [2001]).
Plaintiffs next contend that the doctrine of equitable estoppel precludes defendants from asserting the statute of limitations defense. "Equitable estoppel is an extraordinary remedy which applies where a party is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the other. It is therefore fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit" (Pulver v Dougherty, 58 AD3d 978, 979-980 [3d Dept 2009] [internal quotation marks, brackets and citations omitted]; see Kosowsky v Willard Mtn., Inc., 90 AD3d 1127, 1130 [3d Dept 2011]). Plaintiffs initially allege that defendants failed to timely forward Ferrara-Carpenter's medical records to her new doctor, and that this action by defendants thwarted her ability to file suit. However, plaintiffs did not seek the medical records until after the statute of limitations had expired. Thus, this did not prevent them from timely filing the action. Additionally, plaintiffs allege that because defendant dentist advised her that her pain and sensitivity would eventually subside, she was somehow seduced into not filing suit. However, this statement is also legally insufficient to support a finding that defendants intentionally concealed an act of dental malpractice and knowingly misrepresented the condition of Ferrara-Carpenter's teeth (see Dombroski v Samaritan Hosp., 47 AD3d 80, 83 [3d Dept 2007]; Contento v Cortland Mem. Hosp., 237 AD2d 725, 726 [3d Dept 1997], lv denied 90 NY2d 802 [1997]). Moreover, throughout the period Ferrara-Carpenter alleges that defendants made this prediction, she did not sit idly by waiting for her pain to subside. Rather, she took affirmative steps to resolve her issues by treating with other dental professionals. Accordingly, Supreme Court properly found that defendants were not estopped from asserting that plaintiffs' claims were time-barred (see Cellupica v Bruce, 48 AD3d at 1022; Contento v Cortland Mem. Hosp., 237 AD2d at 726; Roosa v Frankel, 166 AD2d 569, 569[*3][2d Dept 1990]).
Clark, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Veneers are a thin porcelain covering that is placed over the surface of the teeth for cosmetic purposes.

Footnote 2: While Ferrara-Carpenter had scheduled a follow-up cleaning appointment with defendant dental practice's hygienist on May 23, 2012, she cancelled it and did not reschedule.

Footnote 3: Even if Ferrara-Carpenter is given the benefit of the May 23, 2012 date of her last scheduled appointment — an appointment which she subsequently cancelled and did not reschedule — the statute of limitations would have expired on November 23, 2014, rendering the action time-barred.

Footnote 4: Notably, these telephone calls were all made after the statute of limitations had expired.